**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

REYMUNDO BONILLA,

     Petitioner,

    *v.*

MICHAEL NESSINGER, *et al.*,

     Respondents.

Civil Action No.
26cv345-MSM-AEM

**RESPONSE TO JUNE 29, 2026, TEXT ORDER**

Respondents respectfully present this response to the Court's June 29, 2026, Text Order (a) precluding Petitioner's transfer outside of Rhode Island pending further order from the Court; and (b) seeking additional information (by July 1, 2026) to show that Respondents "adhered to the third country removal procedures required by 8 C.F.R. § 208.31." Respondents acknowledge and will comply with (a), and they offer the following response to comply with (b).

Petitioner's final order of removal arose under 8 U.S.C. § 1182(a)(6)(A)(i) (also known as Section 212(a)(6)(A)(i) of the Immigration and Naturalization Act ("INA")). *E.g.*, ECF 5-1 at 1. That section reads: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

The regulation that the Court cites in its most recent Text Order applies to non-citizens with final orders of removal in two different contexts, neither of which applies to the Petitioner. The regulation begins with its scope:

> This section shall apply to any alien ordered removed under section 238(b) of the Act or whose deportation, exclusion, or removal order is reinstated under section 241(a)(5) of the Act who, in the course of the administrative removal or reinstatement process, expresses a fear of returning to the country of removal.

8 C.F.R. § 208.31.

The first context applies to citizens "ordered removed under section 238(b)" of the INA, which is codified at 8 U.S.C. §1228. That statutory section, in turn, is headlined, "Expedited removal of aliens convicted of committing aggravated felonies," and it is not the basis of the Petitioner's removal order. The second context applies to citizens who have been previously removed, have re-entered the United States, and whose previous final orders of removal are then reinstated under 8 U.S.C. § 1231(a)(5) (also known as INA Section 241(a)(5)).[1] Those circumstances do not apply to the Petitioner, either.

As these contexts are the only ones in which 8 C.F.R. § 208.31 applies by its plain terms, Respondents need not comply with the regulation before effectuating Petitioner's removal. For the preceding reasons, and those presented in Respondents' prior briefing, the Court should conclude that Petitioner's current detention is lawful, deny his habeas petition, and expressly permit ICE to effectuate the Petitioner's removal consistent with the notice it filed on June 25, 2026.

---

[1]     8 U.S.C. § 1231(a)(5) reads:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

Dated: June 30, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

CHARLES C. CALENDA
First Assistant U.S. Attorney

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
401.709.5000
kevin.bolan@usdoj.gov

## Certificate of Service

I hereby certify that, on June 30, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant United States Attorney