**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| REYMUNDO BONILLA,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *et al.*,<br><br>Respondents. | C.A. No. 1:26-cv-00345-MSM-AEM |

**ORDER**

By Order of July 21, 2026, this Court deferred adjudication of the Petitioner, Reymundo Bonilla's, Petition for Writ of Habeas Corpus (ECF No. 1) to the extent it depends on the legality of the Department of Homeland Security's Guidance Regarding Third Country Removals, but also directed supplemental briefing on whether the current disposition of the Petitioner's Massachusetts OUI charge "indicates that release is no longer appropriate" under his Order of Supervision; and, if it does, for how long detention would be permitted. The parties have briefed those questions. (ECF Nos. 19, 21.) The Court concludes that the disposition of the OUI charge leaves release appropriate under the Order of Supervision, rendering the question of detention duration moot.

ICE released the Petitioner on an Order of Supervision on December 12, 2023, and revoked that release on May 21, 2026. The Notice of Revocation of Release states one circumstance: that on August 25, 2025, the Petitioner was charged with operating under the influence of liquor, and that the Chelsea District Court case on that charge

was pending. (ECF No. 5-3 at 2.) No violation-of-conditions ground is marked on the Notice. *Id.* On June 24, 2026, the OUI charge was continued without a finding under the Massachusetts 24D program. *Commonwealth v. Bonilla*, No. 2514CR001735 (Chelsea Dist. Ct. June 24, 2026). The Respondents do not dispute that the case is no longer pending, and, as a result, the sole circumstance the Notice identified no longer exists.

The Respondents answer that a custodial review anticipated "on / around Friday, August 21, 2026" will weigh that disposition together with the Petitioner's broader criminal history. (ECF No. 19 at 2.) That history was before the agency on December 12, 2023, when it released the Petitioner on supervision, and the Respondents' own Notice records no violation of any condition of release in the 29 months that followed. A ground the operative Notice did not state cannot sustain detention now, and a custodial review that has not been completed cannot supply retroactively a determination that had to exist when release was revoked. *Cf. Pereira v. Nessinger*, No. 26-cv-109-MRD-PAS, 2026 WL 539758, at *1 (D.R.I. Feb. 26, 2026); *Hall v. Nessinger*, No. 25-cv-667-JJM-PAS, 2026 WL 18583, at *8 (D.R.I. Jan. 2, 2026). As of the date of this Order, no decision from the anticipated review has been filed.

ICE revoked the Petitioner's release under 8 C.F.R. § 241.4(l)(2), which permits revocation on specified grounds, and § 241.4(l)(1), which requires that the noncitizen be notified of the reasons for it. *See Hall*, 2026 WL 18583, at *2. The reason ICE gave was the pendency of the Chelsea District Court case, and detention is supported

only by the ground the agency stated when it acted. That other grounds may have been available is immaterial where ICE did not invoke them. ICE "has the duty to follow its own federal regulations." *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003). Because the sole circumstance stated no longer exists, continued detention on that basis is unsupported, and the Order of Supervision issued December 12, 2023, is restored. *See Pereira*, 2026 WL 539758, at *1–2; *Hall*, 2026 WL 18583, at *9.

The Court does not reach the Petitioner's remaining arguments, including those addressed to the statutory authority for his detention and to the adequacy of the process that produced the May 21, 2026, revocation. The Court does not review the Petitioner's underlying order of removal, and adjudication of the remainder of the Petition remains deferred pending the First Circuit's disposition of *D.V.D. v. U.S. Department of Homeland Security*, No. 26-1212.

Accordingly, the Court GRANTS IN PART, and otherwise DEFERS adjudication of, the Petitioner's habeas petition (ECF No. 1). The Respondents are ORDERED to immediately release the Petitioner on the conditions of the Order of Supervision issued December 12, 2023. The Court permits the Petitioner's transfer to effectuate his release and the return of his property.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
August 31, 2026